## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAMELA SMITH, and PAMELA SMITH FOUNDATION, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 13-CV-0676-CVE-TLW |
| AVALON CORRECTIONAL SERVICES, INC, and ALICE JOHNSON, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Now before the Court is Defendants Avalon and Johnson's Motion to Dismiss (Dkt. # 8).

Defendants Avalon Correctional Services, Inc. (Avalon) and Alice Johnson argue that plaintiffs have

failed to plead sufficient facts to support their claim under 42 U.S.C. § 1981; that no governmental

intrusion has occurred, preventing a claim under article 2, §2 of the Oklahoma Constitution; that

plaintiffs have failed to comply with the Oklahoma Governmental Tort Claims Act (OGTCA); and

that Avalon is not a proper party.  Plaintiffs respond (Dkt. # 12) that sufficient facts have been plead,

that defendants may be sued under article 2, §2 of the Oklahoma Constitution, that the OGTCA

should  not apply to defendants and that it is not applicable to § 1981 claims, and that Avalon is a

proper party.  Plaintiffs also request leave to amend if their petition fails to plead sufficient facts and

for leave to add Turley Residential Center, L.L.C. as a party.  Id. at 9.

## I.

Pamela Smith is the founder of the Pamela Smith Foundation (Foundation). Dkt. # 11-1, at

1.  The Foundation attempts to assist incarcerated women.  Id. at 3-4.  Plaintiffs allege that Smith

"made application and came to an agreement with to Oklahoma Department of Corrections

(ODOC)," which allowed her access to correctional facilities in Oklahoma for the purpose of presenting a program designed to assist incarcerated women. Id. at 4.

Avalon owns Turley Residential Center, L.L.C., which operates a private correctional facility in Turley, Oklahoma (TRC). Dkt. # 8, at 1.[1] "[Turley Residential Center, L.L.C.] operates through a contract with [ODOC]." Id. Plaintiffs have conducted their program at TRC. Dkt. # 1-1, at 4. Johnson is employed by Avalon as the administrator of TRC. Dkt. # 8, at 1. Plaintiffs allege that Johnson is prejudiced "against other black women, specifically those black women who demonstrate self-respect and who are successful or who are attempting to achieve success." Dkt. # 11-1, at 2.

Plaintiffs allege that they were recently banned by Johnson from returning to TRC. Id. at 5. Plaintiffs allege that Johnson claimed the ban "was for bringing bread and wigs into [TRC]." Id. Plaintiffs allege that Smith had been bringing those items into TRC since she began her program. Id. Plaintiffs further allege that Johnson prevented the women incarcerated in TRC from contacting plaintiffs, accepting clothing from the Foundation, or purchasing anything from the Foundation's retail shop. Id. Plaintiffs allege that, in addition to endorsing her actions, Avalon failed to train and supervise Johnson and failed to investigate her allegedly improper activities. Id. Plaintiffs also allege that Johnson banned Bishop Dr. Donald O'Neil Tyler, a black man, from the facility. Id.

Plaintiffs allege that defendants interfered with their contractual rights based on Smith's race in violation of 42 U.S.C. § 1981. Id. at 5-6. Plaintiffs further allege that Smith's rights under the Oklahoma Constitution were violated. Id. at 6.

---

[1]     Plaintiffs allege that Avalon itself operates TRC. Dkt. # 11-1, at 1.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant.  Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

3

## III.

### A.  Failure to State a Claim

Defendants allege that plaintiffs have failed to state a claim for a violation of 42 U.S.C. §

1981.  Section 1981 provides that all persons "shall have the same right . . . to make and enforce

contracts" and that "make and enforce contracts" includes "making, performance, modification and

termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the

contractual relationship."  42 U.S.C. § 1981.  "[T]o establish a prima facie case of discrimination

under § 1981, the plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that

the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination

interfered with a protected activity as defined in § 1981."  Hampton v. Dillard Dep't Stores, Inc.,

247 F.3d 1091, 1101-02 (10th Cir. 2001).  Only the second and third elements are at issue here.

Defendants correctly note that plaintiffs must allege race-based animus to state a claim under

§ 1981.  Dkt. # 8, at 5; Roe ex rel. Roe v. Keady, 329 F.3d 1188, 1192 (10th Cir. 2003) ("To be

actionable, defendants' conduct must have been imbued with or directed toward an impermissible

*discriminatory* purpose").  Defendants argue that plaintiffs' allegations of racial animus fail "to

allege any specific facts supporting the conclusion that the reason why Plaintiffs were banned was

because Pamela Smith is a black person."  Dkt. # 8, at 5.  Truly speculative or conclusory allegations

are insufficient to state a claim for racial discrimination.  However, the Tenth Circuit has determined

that "general allegations of an underlying race-based animus" are sufficient to state a claim for racial

discrimination under § 1983, which requires the same racial animus as § 1981.  Phelps v. Wichita

Eagle-Beacon, 886 F.2d 1262, 1269-70 (10th Cir. 1989).  The Tenth Circuit based its determination,

in part, on Fed. R. Civ. P. 9(b), which states that "[m]alice, intent, knowledge, and other conditions

of a person's mind may be alleged generally."  Plaintiffs allege that defendants' actions were taken "at least in part because of [Smith's] race" and that Johnson "has shown a certain prejudice against other black women."  Dkt. # 11-1, at 2, 5.  Plaintiffs' complaint alleges racial animus and thus satisfies the second element of the § 1981 claim.

Defendants also argue that plaintiffs have failed to allege that a contract has been impaired. Defendants argue that merely alleging that an agreement between Smith and ODOC was impaired is insufficient.  A claim brought under § 1981 "must initially identify an impaired 'contractual relationship.'"  Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (quoting 42 U.S.C. § 1981).  Although plaintiffs' use of the word "agreement" does not precisely track the language of the statute, plaintiffs' complaint sufficiently identifies the alleged contractual relationship at issue. See Dkt. # 11-1, at 4 ("[Smith] made application and came to an agreement with the [ODOC] to allow her to enter into correction facilities in Oklahoma for the purpose of presenting [her program].").  Plaintiffs clearly allege that this agreement is being impaired by the banning of plaintiffs from TRC.  Id. at 5.  Plaintiffs have sufficiently plead elements two and three of their § 1981 claim, and that claim should not be dismissed for failure to state a claim.

## B. Failure to Comply with the OGTCA

Defendants argue that plaintiffs' claims should be dismissed for failure to comply with the notice provisions of the OGTCA, Okla. Stat. tit. 51, § 151 et seq.  Dkt. # 8, at 6.  Plaintiffs respond that the OGTCA's notice provisions do not apply to § 1981 claims and that the OGTCA does not apply to defendants.  Dkt. # 12, at 8.

> No tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent or servant, until all of the notice provisions of the Governmental Tort Claims Act have

5

been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

Okla. Stat. tit. 57, § 566.4(B)(2).   Section 566.4(B)(2) incorporates the OGTCA's notice requirements into any suit against a private correctional company or a private correctional company's employee for their actions taken in connection with a governmental contract.   Defendants are a private correctional company and a private correctional company's employee and their alleged actions were taken in connection with a governmental contract.   Accordingly, the OGTCA's notice requirements apply to this suit.

The notice provisions of the OGTCA require written pre-suit notification.  Okla. Stat. tit. 51, § 156.  Plaintiffs have not alleged that the notice requirements of the OGTCA have been met.  See generally Dkt. #11-1.[2]   Because plaintiffs have failed to allege that they have complied with the OGTCA, their state law claim fails to state a claim upon which relief may be granted and should be dismissed.[3]

However, the OGTCA does not apply to plaintiffs' § 1981 claim.  "The elements of, and the defenses to, a federal cause of action are defined by federal law."   Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 375 (1990).   The Tenth Circuit has held that the OGTCA cannot immunize a defendant from liability under 42 U.S.C. § 1983.  Beck v. City of Muskogee Police Dep't, 195 F.3d

---

[2]     Plaintiffs do allege that they have informally appealed to Avalon, but any inference that proper notice was provided under the OGTCA is merely speculative.  See Dkt. # 11-1, at 5.

[3]     Because plaintiffs' state law claim should be dismissed for failure to comply with the OGTCA's notice provisions, defendants' argument that article 2, § 2 of the Oklahoma Constitution applies only to governmental actors need not be addressed.

553, 560 n.5 (10th Cir. 1999); <u>Tiemann v. Tul–Center, Inc.</u>, 18 F.3d 851, 853-54 (10th Cir. 1994). By analogy, the OGTCA cannot immunize a defendant from liability under § 1981. Thus, plaintiffs' lack of compliance with the notice requirements of the OGTCA is not a defense to a § 1981 claim, and plaintiffs' § 1981 claim should not be dismissed on that basis.

**C.  Whether Avalon Is a Proper Party**

Defendants argue that Avalon is not a proper party.  Dkt. # 8, at 7.  They argue that Avalon is a holding company and that Turley Residential Center, L.L.C. actually operates TRC.  <u>Id.</u> However, plaintiffs allege that Avalon operates TRC.  <u>See</u> Dkt. # 11-1, at 1 ("AVALON owns and operates the correction facility in Turley, Oklahoma").  At the motion to dismiss stage, plaintiffs' allegation is sufficient to sustain their action.[4]

**D. Leave to Amend**

Plaintiffs ask the Court for leave to amend their complaint to add Turley Residential Center, L.L.C. as a party and, if it was held that their § 1981 claim failed to state a claim, to include additional facts in support of their § 1981 claim.  Dkt. # 12, at 3-6, 9.  Leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2); <u>see also</u> <u>Triplett v. Leflore Cnty., Okla.</u>, 712 F.2d 444, 446 (10th Cir. 1983).  Accordingly, leave to amend should be granted.  However, plaintiffs' request to add additional facts in support of their § 1981 claim was conditional upon this Court holding that their § 1981 claim failed to state a claim.  <u>See</u> Dkt. # 12, at 3, 5.  Because this Court has not done so, plaintiffs may amend their complaint only to add Turley Residential Center, L.L.C. as a party.

---

[4]    Defendants attach no evidence to their motion to dismiss and do not ask that the Court convert their motion to dismiss into a motion for summary judgment.  Dkt. # 8.

7

**IT IS THEREFORE ORDERED** that Defendants Avalon and Johnson's Motion to Dismiss (Dkt. # 8) is **granted in part and denied in part**; it is granted as to plaintiffs' claim under article 2, § 2 of the Oklahoma Constitution and denied as to plaintiffs' claim under 42 U.S.C. § 1981.

**IT IS FURTHER ORDERED** that plaintiffs' request for leave to amend their complaint (see Dkt. # 12) is **granted**.  Plaintiffs may file an amended complaint no later than **March 7, 2014** and shall serve the amended complaint and summons on the new defendant forthwith**.**  Defendants Avalon Correctional Services, Inc. and Alice Johnson's responsive pleadings to the amended complaint are due within 14 days of the filing of the amended complaint.

**IT IS FURTHER ORDERED** that plaintiffs shall expedite service upon any newly added defendant.

**DATED** this 21st day of February, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE